UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No.: 1:21-CV-257-TAV-CHS |
| TREE-REMOVAL RIGHTS WITH RESPECT TO LAND IN RHEA COUNTY, TENNESSEE, CAMERINO LOPEZ LOPEZ, CRISTINA LOPEZ, JPMORGAN CHASE & CO., and PREFERRED TITLE INSURANCE AGENCY, INC., Trustee, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

This civil action is before the Court on Plaintiff's Motion for Summary Judgment [Doc. 14]. Defendants have not responded to plaintiff's motion, and the time for a response has expired. This motion is ripe for resolution. For the following reasons, plaintiff's motion [Doc. 14] will be **GRANTED**, and this case will be **DISMISSED**.

### I. Background

In this condemnation action, plaintiff seeks to exercise the power of eminent domain and award just compensation to defendants Camerino Lopez Lopez and Christina Lopez (the "Lopez Defendants"), the owners of the subject property [Doc. 1 ¶¶ 1, 6]. Plaintiff desires to construct a transmission line that will pass through the Lopez Defendants'

property [Doc. 13 ¶ 2]. Thus, in the instant case, the TVA seeks the right to remove certain trees on the Lopez Defendants' property that surround the site of the anticipated transmission line and that could damage the transmission line upon falling [*Id.* ¶ 5; *see* Doc. 1-4 (description of the tree removal rights sought)]. The Tennessee Valley Authority's Manager of Real Property retained an appraiser who valued the property rights sought at $100 [Doc. 13 ¶ 8]. Additionally, based on his own experience, the manager attests that "just and liberal compensation" for the rights sought is $500 [*Id.* ¶ 9].

On October 25, 2021, plaintiff initiated this action [Doc. 1]. On November 16, 2021, the Court entered an investment order directing the Clerk to accept $500 from plaintiff for purposes of the condemnation [Doc. 7]. On December 8, 2021, finding the requirements of 40 U.S.C. § 3114(b) satisfied, the Court entered an order directing defendants to surrender to plaintiff the property rights sought [Doc. 11]. Defendants received service on or before December 10, 2021 [Doc. 12], and on March 2, 2022, plaintiff filed the instant motion for summary judgment [Doc. 14]. In its motion, plaintiff seeks an order finding $500 to be just compensation for the property rights at issue, confirming the vesting of title in plaintiff, and ordering disbursement of $500 to the Lopez Defendants [Docs. 15, 15-1]. To date, defendants have not appeared in this action.

**II.   Analysis**

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary

judgment, the court must draw "all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party bears the burden of establishing that no genuine issues of material fact exist and may meet this burden by affirmatively proving its case or by highlighting the absence of support for the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp., Inc.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citation omitted). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record, including depositions, documents, affidavits, and other materials, upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *see also* Fed. R. Civ. P. 56(c)(1)(A). There must be more than a "mere scintilla of evidence" to withstand a motion for summary judgment. *Smith Wholesale Co. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007) (citation omitted). And any genuine issue of fact must be material; that is, it must involve "facts that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. The court may not weigh the evidence or assess credibility; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the nonmovant. *Id.* at 249.

If a reasonable juror could not find for the nonmovant, the court must grant summary judgment. *See Celotex*, 477 U.S. at 323.

As a preliminary matter, the Court considers whether plaintiff's motion may be adjudicated without further proceedings as to the issue of just compensation. Federal Rule of Civil Procedure 71.1(h)(1) provides that "[i]n an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined: (A) by any tribunal specially [required]; or (B) if there is no such tribunal, by a jury when a party demands one within the time to answer or within any additional time the court sets . . . ." A defendant in a condemnation proceeding must file an answer, if at all, "within 21 days after being served with [a] notice." *Id.* R. 71.1(e)(2); *see also id.* R. 71.1(e)(3) (providing that, other than an answer, "[n]o other pleading or motion asserting an additional objection or defense is allowed"); *id.* R. 71.1(d) (generally delineating the notice requirement). Summary judgment is the proper avenue to address the issue of just compensation when it is unopposed. *United States ex rel. TVA v. Tree-removal Rights with Respect to Land, Tenn.*, No. 15-1008, 2015 U.S. Dist. LEXIS 123263, at *7 (W.D. Tenn. Sept. 16, 2015) (citations omitted).

The Court finds plaintiff's motion may be adjudicated without further proceedings as to the issue of just compensation. There appears to be no relevant statute specifically requiring a particular tribunal to determine the issue of just compensation. Moreover, defendants received service at the latest on December 10, 2021, and they failed to file an

4

answer within 21 days thereafter [Doc. 12]. Thus, the Court has authority to resolve the issue of just compensation as well as all other remaining issues via summary judgment.

### A. Just Compensation

The Fifth Amendment requires that the government provide "just compensation" to a property owner before taking the owner's property. U.S. Const. amend. V. "Just compensation" refers to "the fair market value of the subject property just before the acquisition." *United States ex rel. TVA v. 1.31 Acres of Land*, No. 12-2845-STA-TMP, 2013 U.S. Dist. LEXIS 72942, at *10 (W.D. Tenn. May 23, 2013) (citations omitted). That is, just compensation is "an amount equal to the difference between the reasonable market value of the entire tract immediately before and immediately after the taking." *United States ex rel. TVA v. Easement & Right-of-way*, 248 F. Supp. 702, 703 (W.D. Tenn. 1965) (citations omitted). "A party claiming an interest in the condemned property has the burden to establish the value of the property." *1.31 Acres of Land*, 2013 U.S. Dist. LEXIS 72942, at *10 (citations omitted). "When the moving party presents an appraisal by a credentialed property appraiser and the non-moving parties do not contest it, that moving party is entitled to judgment as a matter of law on the issue of just compensation." *United States ex rel. TVA v. Tree-removal Rights with Respect to Land*, No. 15-1008, 2015 U.S. Dist. LEXIS 123263, at *7–8 (W.D. Tenn. Sept. 16, 2015) (citations omitted).

The Court finds that $500 is just compensation for the tree-removal rights in this case. Plaintiff has provided evidence of an independent appraisal suggesting the value of the rights taken is only $100 as well as a separate appraisal of a TVA manager suggesting

5

just compensation is no more than $500. By contrast, defendants have not appeared in this action and therefore have not contested that $500 is just compensation. *See Tree-removal Rights with Respect to Land*, 2015 U.S. Dist. LEXIS 123263, at *8 (citations omitted) (finding $350 just compensation for tree-removal rights when the plaintiff presented multiple appraisals and the defendant did not challenge the amount or the underlying appraisals); *1.31 Acres of Land*, 2013 U.S. Dist. LEXIS 72942, at *12–13 (finding $5,000 just compensation for land in similar circumstances); *see also* Fed. R. Civ. P. 71.1(e)(3) ("A defendant waives all objections and defenses not stated in its answer.").

Therefore, the Court finds $500 is just compensation in this case.

### B. Disbursement

After all other issues are addressed, a district court has authority to order disbursement of funds previously deposited by the condemnor with certain conditions. *See, e.g.*, *United States ex rel. TVA v. Tree-removal Rights with Respect to Land*, No. 1:21-CV-235-DCLC-SKL, 2022 U.S. Dist. LEXIS 72005, at *6 (E.D. Tenn. Apr. 19, 2022); *United States ex rel. TVA v. A Temp. Right to Enter*, Nos. 4:14-CV-85-HSM-SKL; 4:16-CV-25-HSM-SKL, 2017 U.S. Dist. LEXIS 90967, at *17–18 (E.D. Tenn. June 13, 2017). Therefore, the Clerk will be directed to disburse to the Lopez Defendants the funds to which they are entitled on the condition that they each first provide their social security numbers to the Clerk and the Tennessee Valley Authority for purposes of reporting the condemnation award to taxation authorities. *See Tree-removal Rights with Respect to Land*, 2022 U.S. Dist. LEXIS 72005, at *6 (imposing the same conditions).

## III. Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment [Doc. 14] will be **GRANTED**. A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

7

Case 1:21-cv-00257-TAV-CHS   Document 16   Filed 05/04/22   Page 7 of 7   PageID #: 83